```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JOSEF VOLMAN,

                        Plaintiff,

            -against-

SANTA CLARITA RESTAURANT CORP. and
237 WILLIS AVENUE REALTY LLC,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2022

21 Civ. 4742 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Josef Volman, brings this action against Defendants Santa Clarita Restaurant Corp. and 237 Willis Avenue Realty LLC claiming that Defendants violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12181 *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Executive Law § 290 *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-107(4)(a) *et seq.*, by failing to make "their place of public accommodation accessible to persons with disabilities." Compl. ¶¶ 1–2, ECF No. 1. Defendants failed to appear in this proceeding, and Plaintiff moves for default judgment. *See* ECF No. 30. For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND[1]

At all times relevant to this action, Plaintiff, who was born with spastic diplegia cerebral palsy, has been "bound to ambulate in a wheelchair." Compl. ¶ 6. Plaintiff lives ten minutes away from New York and currently works as a D.J. and entertainer throughout the New York area. *Id.* ¶ 7. Defendants operate or lease a property located in the Bronx (the "Property"). *Id.* ¶ 8. Plaintiff alleges that the Property is a "place of public accommodation," *id.* ¶ 10, because it

---

[1] The following facts are taken from Plaintiff's complaint and are presumed to be true for the purposes of resolving Plaintiff's motion for a default judgment. *Brown v. 3700 Deli & Grocery Inc.*, No. 19 Civ. 7160, 2021 WL 289349, at *1 (S.D.N.Y. Jan. 27, 2021).

is "operated by a private entity and its operations affect commerce," *id*. ¶ 12.

"Numerous architectural barriers exist at [the Property] that prevent and/or restrict access to [P]laintiff, a person with a disability." *Id*. ¶ 13; *see also id*. ¶¶ 19–22. The Property was designed and constructed after January 26, 1993, and Defendants made alterations to the Property at some time after January 1992. *Id*. ¶¶ 14–16.

Within three years of filing his complaint, Plaintiff attempted to access the Property. *Id*. ¶ 17. Plaintiff also intends to return to the Property in the future. *Id*. ¶¶ 18, 29–30.

## DISCUSSION

### I.    Legal Standard

"A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit." *Brown v. 3700 Deli & Grocery Inc.*, No. 19 Civ. 7160, 2021 WL 289349, at *1 (S.D.N.Y. Jan. 27, 2021); *see also* Fed. R. Civ. P. 55(a). When evaluating a motion for default judgement a court "must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Brown*, 2021 WL 289349, at *1. But, because a party in default "does not admit conclusions of law," *id*., a court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law," *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (citation omitted) (alterations in original).

### II.   Analysis

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To

state a claim under the ADA, a plaintiff must allege that "(1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008). The ADA defines a public accommodation to include (1) a "place of lodging," (2) an "establishment serving food or drink," (3) a "place of public gathering," (4) a "sales or rental establishment," (5) a "service establishment," (6) a "station used for specified public transportation," (7) a "place of public display or collection," (8) a "place of recreation," (9) a "place of education," (10) a "social service center establishment," (11) and a "place of exercise." 42 U.S.C. § 12181(7).

As for Plaintiff's state law claims, "[a] claim of disability discrimination under the [NYSHRL] . . . is governed by the same legal standards as govern federal ADA claims." *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citation omitted). Moreover, although the NYCHRL is construed more liberally than the NYSHRL and the ADA, plaintiffs bringing claims under the NYCHRL must still show that the defendant is a "provider of public accommodations," *Am. Council of Blind of N.Y., Inc. v. City of New York*, 495 F. Supp. 3d 211, 256 (S.D.N.Y. 2020), which includes "providers, whether licensed or unlicensed, of goods, services, facilities, accommodations, advantages or privileges of any kind, and places, whether licensed or unlicensed, where goods, services, facilities, accommodations, advantages or privileges of any kind are extended, offered, sold, or otherwise made available," N.Y. Admin. Code § 8-102.

Here, Plaintiff's claims all fail because Plaintiff has not sufficiently alleged that Defendants operate a place of public accommodation or provide public accommodations. All of Plaintiff's allegations that relate to Defendants' business are conclusory. *See* Compl. ¶ 11

("[D]efendants own, lease, lease to, control or operate a place of public accommodation[.]"); *see also*, *e.g.*, *id.* ¶¶ 2, 4, 10–12, 19–22, 24–30, 35–39, 42, 46, 49–50, 53–54, 60–64. Plaintiff does not allege what type of business Defendants operate or what services they provide to the public. *See generally* Compl. Plaintiff's affidavit similarly fails to provide any details whatsoever about Defendants' business. *See* ECF No. 30-2. Thus, Plaintiff has failed to establish that Defendants should be held liable under the ADA, the NYSHRL, or the NYCHRL.

Accordingly, Plaintiff's motion for a default judgment is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is DENIED. Within 21 days of this order, Plaintiff may request leave to file an amended complaint that addresses the deficiencies identified above and serve this request upon Defendants. The Clerk of Court is directed to terminate the motion at ECF No. 30.

SO ORDERED.

Dated: September 7, 2022
　　　　New York, New York

_____
ANALISA TORRES
United States District Judge